MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
GRANT L. KIM (CA SBN 114989)
gkim@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Plaintiff KYPHON INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYPHON INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>COZMED, LLC, a limited liability corporation, and<br>PETER K. PARK, an individual,<br><br>                    Defendant(s). | Case No.   07-3403 JF<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT, TRADE SECRET MISAPPROPRIATION, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, AND CONVERSION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kyphon Inc., for its First Amended Complaint, alleges as follows:

**PARTIES**

1.     Plaintiff Kyphon is a corporation incorporated under the laws of the State of Delaware with its principal place of business at 1221 Crossman Avenue, Sunnyvale, California 94089.

2.     Kyphon is a pioneer in the field of kyphoplasty, a minimally invasive surgical procedure for repairing spinal fractures. Such fractures may result from osteoporosis, cancer, or medical treatments such as chemotherapy. Balloon kyphoplasty involves the surgical insertion of a specially-designed balloon into the fractured bones of the spine to raise them and restore them

1  to their correct position.  As a result, kyphoplasty can help relieve the significant back pain and
2  stooped posture that many spinal fracture sufferers experience.

3      3.    Defendant Cozmed, LLC, sometimes referred to as "Cozumed," is a California
4  limited liability corporation with its principal place of business at 41909 Albrae Street, Fremont,
5  California, 94538.

6      4.    Defendant Peter K. Park is the President and Operating Manager for Cozmed.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code and for trade secret misappropriation, tortious interference with contractual relations, and conversion.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1338(a) (patents).  This Court has subject matter jurisdiction over the trade secret misappropriation, tortious interference, and conversion claims under 28 U.S.C. § 1367(a) (supplemental jurisdiction).

6. Cozmed is subject to personal jurisdiction in this District because its principal place of business is in this District and Cozmed has committed acts of patent infringement, trade secret misappropriation, and conversion in this District.

7. Mr. Park is subject to personal jurisdiction in this District because he works and lives in this District and has committed acts of patent infringement, trade secret misappropriation, tortious interference, and conversion in this District.

8. Venue is proper under 28 U.S.C. §§ 1391, 1400(b).

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil L.R. 3-2(c), the Intradistrict Assignment rules do not apply to this Complaint.

## FIRST CAUSE OF ACTION

(Infringement of U.S. Patent No. 6,607,544 by Cozmed and Mr. Park)

10. Kyphon incorporates by reference the allegations contained in paragraphs 1-9 above.

FIRST AMENDED COMPLAINT
CASE NO. 07-3403-JF
sf-2336243

2

1    11.    Kyphon is the owner by assignment of all rights, title, and interest in and to United States Patent No. 6,607,544 ("the '544 patent"), issued on August 19, 2003 and entitled "Expandable Preformed Structures for Deployment in Interior Body Regions."  The '544 patent is attached as Exhibit A.

12.    Cozmed and Mr. Park are infringing or have infringed the '544 patent directly or indirectly under 35 U.S.C. § 271 by making, using, offering for sale, or selling products for use in performing kyphoplasty.  Defendants' products encompass an invention claimed by the '544 patent or are a substantial part of such an invention.  Defendants' products are specially made or adapted for use in an invention claimed by the '544 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing uses.  Upon information and belief, Defendants knowingly and actively have instructed or continue to instruct purchasers in the use of their products in a manner that infringes or would infringe the '544 patent.

13.    Defendants' infringement is without the consent or other authority of Kyphon.  Neither Cozmed nor Mr. Park is licensed under the '544 patent.

14.    On information and belief, Defendants have infringed or are infringing the '544 patent despite their knowledge of the objectively high likelihood that their conduct constituted or constitutes infringement.  As a result, Defendants' infringement of the '544 patent has been or continues to be willful.

15.    Kyphon is entitled to damages for Defendants' infringement of the '544 patent and trebled damages for Defendants' willful infringement of the '544 patent.

16.    Kyphon has no adequate legal remedy.  Unless enjoined by this Court, Defendants' continued acts of infringement will cause Kyphon substantial and irreparable harm.  Under 35 U.S.C. § 283, Kyphon is entitled to an injunction barring Defendants from further infringement of the '544 patent.

## SECOND CAUSE OF ACTION

(Infringement of U.S. Patent No. 6,623,505 by Cozmed and Mr. Park)

17.    Kyphon incorporates by reference the allegations contained in paragraphs 1-16 above.

18. Kyphon is the owner by assignment of all rights, title, and interest in and to United States Patent No. 6,623,505 ("the '505 patent"), issued on September 23, 2003 and entitled "Expandable Structures for Deployment in Interior Body Regions." The '505 patent is attached as Exhibit B.

19. Cozmed and Mr. Park are infringing or have infringed the '505 patent directly or indirectly under 35 U.S.C. § 271 by making, using, offering for sale, or selling products for use in performing kyphoplasty. Defendants' products encompass an invention claimed by the '505 patent or are a substantial part of such an invention. Defendants' products are specially made or adapted for use in an invention claimed by the '505 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing uses. Upon information and belief, Defendants knowingly and actively have instructed or continue to instruct purchasers in the use of their products in a manner that infringes or would infringe the '505 patent.

20. Defendants' infringement is without the consent or other authority of Kyphon. Neither Cozmed nor Mr. Park is licensed under the '505 patent.

21. On information and belief, Defendants have infringed or are infringing the '505 patent despite their knowledge of the objectively high likelihood that their conduct constituted or constitutes infringement. As a result, Defendants' infringement of the '505 patent has been or continues to be willful.

22. Kyphon is entitled to damages for Defendants' infringement of the '505 patent and trebled damages for Defendants' willful infringement of the '505 patent.

23. Kyphon has no adequate legal remedy. Unless enjoined by this Court, Defendants' continued acts of infringement will cause Kyphon substantial and irreparable harm. Under 35 U.S.C. § 283, Kyphon is entitled to an injunction barring Defendants from further infringement of the '505 patent.

**THIRD CAUSE OF ACTION**

(Infringement of U.S. Patent No. 6,979,341 by Cozmed and Mr. Park)

24. Kyphon incorporates by reference the allegations contained in paragraphs 1-23 above.

25. Kyphon is the owner by assignment of all rights, title, and interest in and to United States Patent No. 6,979,341 ("the '341 patent"), issued on December 27, 2005 and entitled "Expandable Preformed Structures for Deployment in Interior Body Regions." The '341 patent is attached as Exhibit C.

26. Cozmed and Mr. Park are infringing or have infringed the '341 patent directly or indirectly under 35 U.S.C. § 271 by making, using, offering for sale, or selling products for use in performing kyphoplasty. Defendants' products encompass an invention claimed by the '341 patent or are a substantial part of such an invention. Defendants' products are specially made or adapted for use in an invention claimed by the '341 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing uses. Upon information and belief, Defendants knowingly and actively have instructed or continue to instruct purchasers in the use of their products in a manner that infringes or would infringe the '341 patent.

27. Defendants' infringement is without the consent or other authority of Kyphon. Neither Cozmed nor Mr. Park is licensed under the '341 patent.

28. On information and belief, Defendants have infringed or are infringing the '341 patent despite their knowledge of the objectively high likelihood that their conduct constituted or constitutes infringement. As a result, Defendants' infringement of the '341 patent has been or continues to be willful.

29. Kyphon is entitled to damages for Defendants' infringement of the '341 patent and trebled damages for Defendants' willful infringement of the '341 patent.

30. Kyphon has no adequate legal remedy. Unless enjoined by this Court, Defendants' continued acts of infringement will cause Kyphon substantial and irreparable harm. Under 35 U.S.C. § 283, Kyphon is entitled to an injunction barring Defendants from further infringement of the '341 patent.

## FOURTH CAUSE OF ACTION

(Trade Secret Misappropriation by Cozmed and Mr. Park)

31. Kyphon incorporates by reference the allegations contained in paragraphs 1-30 above.

32. Through substantial investments of time, labor, and capital, Kyphon has developed information constituting trade secrets under the Uniform Trade Secrets Act, as codified at California Civil Code sections 3426 et seq. Kyphon's trade secrets derive independent economic value from not being generally known to the public or to persons who can obtain economic value from their disclosure or use. Kyphon has consistently and diligently undertaken reasonable steps to maintain the secrecy of its trade secrets.

33. Lenny Chi Phan previously was an employee with Kyphon between April 2000 and March 2005. During and as a result of his employment with Kyphon, Mr. Phan learned of Kyphon's trade secrets relating to its business and its kyphoplasty products.

34. Mr. Phan was and continues to be under a duty to maintain the secrecy of Kyphon's trade secrets. On April 5, 2000, Mr. Phan executed a Proprietary Information Agreement. Under paragraph 2(a) of the Proprietary Information Agreement, Mr. Phan agreed that, "at all times during the term of [his] employment and thereafter, [he would] hold in strictest confidence, and not . . . use, except for the benefit of the Company, or . . . disclose to any person, firm or corporation without written authorization of the Board of Directors of the Company, any Confidential Information of the Company." On February 28, 2005, Mr. Phan signed a Termination Certification, in which he agreed that he would "preserve as confidential all trade secrets, confidential knowledge, data or other proprietary information relating to products, processes, know-how, designs, formulas, developmental or experimental work, computer programs, data bases, other original works of authorship, customer lists, business plans, financial information or other subject matter pertaining to any business of the Company or any of its employees, clients, consultants or licensees."

35. Cozmed and Mr. Park acquired Kyphon's trade secrets using improper means, including inducing Mr. Phan to breach his duty to maintain the secrecy of Kyphon's trade secrets. Alternatively, Cozmed and Mr. Park knew or had reason to know that their knowledge of Kyphon's trade secrets was derived from or through a person who had utilized improper means to acquire it, was acquired under circumstances giving rise to a duty to maintain the secrecy or limit

1  the use of Kyphon's trade secrets, or was derived from or through Mr. Phan or another person
2  who owed a duty to Kyphon to maintain the secrecy or limit the use of Kyphon's trade secrets.

3  36. Defendants have acquired, disclosed, or used or continue to disclose or use
4  Kyphon's trade secrets, despite knowing or having reason to know that Kyphon's trade secrets
5  were acquired through improper means and that their acquisition, disclosure, or use is without
6  Kyphon's express or implied consent.

7  37. As a result of Defendants' misappropriation of Kyphon's trade secrets, Kyphon
8  has suffered and will continue to suffer damages.

9  38. Kyphon has no adequate legal remedy. Unless enjoined by this Court,
10 Defendants' continued disclosure or use of Kyphon's trade secrets will cause Kyphon substantial
11 and irreparable harm. Under California Civil Code section 3426.2, Kyphon is entitled to an
12 injunction barring Defendants from further misappropriation of Kyphon's trade secrets.

13 39. On information and belief, Defendants' misappropriation of Kyphon's trade
14 secrets was and is willful and malicious, entitling Kyphon to an award of exemplary damages and
15 to its reasonable attorneys' fees and costs in this matter.

**FIFTH CAUSE OF ACTION**

(Tortious Interference with Contractual Relations by Mr. Park)

18 40. Kyphon incorporates by reference the allegations contained in paragraphs 1-39
19 above.

20 41. Mr. Phan previously was an employee with Kyphon between April 2000 and
21 March 2005. On April 5, 2000, Mr. Phan executed a Proprietary Information Agreement. Under
22 paragraph 2(a) of the Proprietary Information Agreement, Mr. Phan agreed that, "at all times
23 during the term of [his] employment and thereafter, [he would] hold in strictest confidence, and
24 not . . . use, except for the benefit of the Company, or . . . disclose to any person, firm or
25 corporation without written authorization of the Board of Directors of the Company, any
26 Confidential Information of the Company." On February 28, 2005, Mr. Phan signed a
27 Termination Certification, in which he agreed that he would "preserve as confidential all trade
28 secrets, confidential knowledge, data or other proprietary information relating to products,

processes, know-how, designs, formulas, developmental or experimental work, computer programs, data bases, other original works of authorship, customer lists, business plans, financial information or other subject matter pertaining to any business of the Company or any of its employees, clients, consultants or licensees."

42.  Mr. Park knew or should have known of Mr. Phan's contractual relations with Kyphon, but intentionally acted to disrupt these relations. Before or after Mr. Phan's March 1, 2005 resignation from Kyphon, Mr. Park intended to encourage and did encourage Mr. Phan to breach the terms of the Proprietary Information Agreement and Termination Certification by disclosing confidential information and materials concerning Kyphon and its kyphoplasty products to Mr. Park or to other individuals, such as individuals in the Republic of Korea.

43.  As a result of Mr. Park's tortious interference with Kyphon's contractual relations with Mr. Phan, Kyphon has suffered and will continue to suffer damages.

### SIXTH CAUSE OF ACTION
(Conversion by Cozmed and Mr. Park)

44.  Kyphon incorporates by reference the allegations contained in paragraphs 1-43 above.

45.  During his employment with Kyphon, Mr. Phan removed all or parts of Kyphon's bonding and balloon machines and other components used to manufacture Kyphon's kyphoplasty products or relating to kyphoplasty from Kyphon's premises at Mr. Park's request. Cozmed and Mr. Park have assumed control or ownership over these materials and used them to manufacture kyphoplasty machines, devices, or components for persons or companies other than Kyphon.

46.  Cozmed and Mr. Park's conversion of Kyphon's property has interfered with Kyphon's ownership rights in this property. Defendants' conversion was performed without Kyphon's express or implied authorization.

47.  As a result of Cozmed and Mr. Park's conversion of Kyphon's property, Kyphon has suffered and will continue to suffer damages.

WHEREFORE, Kyphon requests judgment:

| | | |
|---|---|---|
| 1 | A. | Declaring that Cozmed and Mr. Park have infringed the '544, '505, and '341 |
| 2 | | patents; |
| 3 | B. | Declaring that Cozmed and Mr. Park have misappropriated Kyphon's trade |
| 4 | | secrets; |
| 5 | C. | Declaring that Mr. Park has tortiously interfered with Kyphon's contractual |
| 6 | | relations with Mr. Phan; |
| 7 | D. | Declaring that Cozmed and Mr. Park have converted Kyphon's property; |
| 8 | E. | Preliminarily and permanently enjoining Cozmed and Mr. Park and their |
| 9 | | employees, agents, servants, or any other person or entity acting in privity or in |
| 10 | | concert with them from further infringement of the '544, '505, and '341 patents; |
| 11 | F. | Preliminarily and permanently enjoining Cozmed and Mr. Park and their |
| 12 | | employees, agents, servants, or any other person or entity acting in privity or in |
| 13 | | concert with them from further misappropriation of Kyphon's trade secrets; |
| 14 | G. | Preliminarily and permanently enjoining Mr. Park and his employees, agents, |
| 15 | | servants, or any other person or entity acting in privity or in concert with him from |
| 16 | | continuing to interfere with Kyphon's contractual relations with Mr. Phan; |
| 17 | H. | Ordering Cozmed and Mr. Park to return the property that was removed from |
| 18 | | Kyphon's premises without authorization; |
| 19 | I. | Awarding Kyphon its damages, together with pre-judgment interest and costs, for |
| 20 | | Cozmed and Mr. Park's infringement of the '544, '505, and '341 patents, and |
| 21 | | increasing said damages by up to three times under 35 U.S.C. § 284; |
| 22 | J. | Awarding Kyphon its damages, together with pre-judgment interest and costs, for |
| 23 | | Cozmed and Mr. Park's misappropriation of Kyphon's trade secrets; |
| 24 | K. | Awarding Kyphon its damages, together with pre-judgment interest and costs, for |
| 25 | | Mr. Park's tortious interference with Kyphon's contractual relations with |
| 26 | | Mr. Phan; |
| 27 | L. | Awarding Kyphon its damages, together with pre-judgment interest and costs, for |
| 28 | | Cozmed and Mr. Park's conversion of Kyphon's property; |

FIRST AMENDED COMPLAINT  
CASE NO. 07-3403-JF  
sf-2336243

9

M. Declaring Cozmed and Mr. Park's infringement of the '544, '505, and '341 patents to be willful;

N. Declaring this to be an exceptional case under 35 U.S.C. § 285;

O. Declaring Cozmed and Mr. Park's misappropriation of Kyphon's trade secrets to be willful and malicious;

P. Awarding Kyphon exemplary damages for Cozmed and Mr. Park's trade secret misappropriation;

Q. Awarding Kyphon its reasonable attorneys' fees, costs, and disbursements in this action, with interest; and

R. Awarding Kyphon such other and further relief as this Court may deem just and proper.

Dated: October 22, 2007

MICHAEL A. JACOBS
GRANT L. KIM
RICHARD S.J. HUNG
MORRISON & FOERSTER LLP

By:  /s/
Richard S.J. Hung

Attorneys for Plaintiff

FIRST AMENDED COMPLAINT
CASE NO. 07-3403-JF
sf-2336243

10

**DEMAND FOR JURY TRIAL**

Kyphon Inc. demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Dated: October 22, 2007

MICHAEL A. JACOBS
GRANT L. KIM
RICHARD S.J. HUNG
MORRISON & FOERSTER LLP

By:  /s/
Richard S.J. Hung

Attorneys for Plaintiff

FIRST AMENDED COMPLAINT
CASE NO. 07-3403-JF
sf-2336243

11