UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC SPINE LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>COZMED, LLC, a limited liability corporation, and<br>PETER K. PARK, an individual,<br><br>            Defendant(s). | Case No.   07-3403 JF<br><br>**STIPULATED CONSENT JUDGMENT & [PROPOSED] ORDER** |

On June 28, 2007, Kyphon Inc. filed this action against Peter K. Park and Cozmed LLC. In its Complaint, Kyphon alleged that Mr. Park and Cozmed had infringed and were continuing to willfully infringe U.S. Patent Nos. 6,607,544, 6,623,505, and 6,979,341 (collectively, the "Patents") by manufacturing and selling inflatable bone tamps ("IBTs"), IBT-related components, and balloons and balloon catheters for compressing bone tissue.  Kyphon also alleged that Mr. Park and Cozmed had converted certain of Kyphon's kyphoplasty-related equipment, products, and materials, that Mr. Park had induced Lenny Chi Phan ("Phan") to breach his

Proprietary Information Agreement with Kyphon, and that Mr. Park and Cozmed had misappropriated Kyphon's trade secrets.

On January 18, 2008, Kyphon reorganized and was renamed as Medtronic Spine LLC.

On February 19, 2008, the parties stipulated to Medtronic Spine LLC's substitution for Kyphon Inc. in this action.

On February 26, 2008, Medtronic Spine LLC, Mr. Park and Cozmed LLC entered into a Settlement Agreement to resolve this action.

NOW, THEREFORE, Medtronic Spine, Mr. Park and Cozmed having entered into the Settlement Agreement and consented to judgment as follows, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED that:

1. This Court has jurisdiction over Medtronic Spine, Mr. Park, and Cozmed and the subject matter of this action for purposes of this action;

2. Medtronic Spine owns and has standing to sue for infringement of the Patents;

3. Mr. Park and Cozmed stipulate and agree that the Patents are valid and enforceable and agree not to challenge the validity or enforceability of the Patents in any proceeding, whether in a district court action or before the Patent and Trademark Office;

4. Mr. Park and Cozmed infringed the Patents by manufacturing IBTs and IBT-related components in the United States and selling those products to companies in the Republic of Korea, including Taewoong Medical Co., Ltd.;

5. Mr. Park and Cozmed converted certain of Kyphon's kyphoplasty-related equipment, products, and materials, including: (1) two balloon molds; (2) the heating elements for a balloon blowing machine; (3) the structural supports for a

balloon blowing machine; (4) components for one bonding machine; (5) a KyphX Latitude Curette; and (6) Kyphon product specifications;

6. Mr. Park and Cozmed misappropriated Kyphon's (now Medtronic Spine's) trade secrets relating to the design and manufacture of Kyphon IBTs by using those trade secrets to manufacture IBTs and IBT-related components in the United States and selling those products to companies in the Republic of Korea, including Taewoong;

7. Mr. Park tortiously interfered with Mr. Phan's Proprietary Information Agreement with Kyphon;

8. Mr. Park and Cozmed represent that, as of July 2006, they ceased manufacturing or selling IBTs, IBT-related components, or other kyphoplasty-related products or any form of balloon or balloon catheter for compressing bone tissue;

9. Mr. Park and Cozmed represent that, since July 2006, they have not manufactured, sold, or given IBTs, IBT-related components, or other kyphoplasty-related products or any form of balloon or balloon catheter for compressing bone tissue for or to any person or any corporation anywhere in the world;

10. Mr. Park and Cozmed represent that that they have assigned and turned over any IBTs, components or equipment specifically relating to IBTs or kyphoplasty, or balloons or balloon catheters for compressing bone tissue in their possession to Medtronic Spine;

11. Judgment is hereby entered in favor of Medtronic Spine on its claims of infringement, trade secret misappropriation, and conversion against Mr. Park and Cozmed and its claim of tortious interference with contractual relations against Mr. Park;

12. Mr. Park and Cozmed are permanently enjoined, for the life of the Patents, from (i) making, using, selling, offering for sale, importing, or exporting IBTs, IBT-related components, kyphoplasty-related products, and any form of balloon or balloon catheter for compressing bone tissue that violate Kyphon's (now Medtronic Spine's) Patents; and (ii) encouraging, causing, inducing, assisting, or contributing in any way to the efforts of any third party to violate Kyphon's (now Medtronic Spine's) Patents;

13. Mr. Park and Cozmed are permanently enjoined from (i) making, using, selling, offering for sale, importing, or exporting IBTs, IBT-related components, kyphoplasty-related products, and any form of balloon or balloon catheter for compressing bone tissue that constitute misappropriation of Kyphon's (now Medtronic Spine's) trade secrets; and (ii) encouraging, causing, inducing, assisting, or contributing in any way to the efforts of any third party to misappropriate Kyphon's (now Medtronic Spine's) trade secrets;

14. Subject to Mr. Park and Cozmed's compliance with this Order and the Settlement Agreement, Medtronic Spine releases Mr. Park and Cozmed, but not any other party, including Mr. Park or Cozmed's direct or indirect suppliers or direct or indirect customers, James Choo, Byung Ju, Mr. Phan, or Hung Pham, of liability for any claims of willful infringement, trade secret misappropriation, conversion, and tortious interference that were raised in this action and that arise from facts that currently are known to Medtronic Spine;

15. The Court has and retains jurisdiction over the parties to this action and the subject matter of this litigation and over any action to enforce or modify this Order or the Settlement Agreement between the parties;

STIPULATED CONSENT JUDGMENT & [PROPOSED] ORDER
C 07-3403-JF
sf-2484664

4

16. In any suit to enforce the terms of this Order and the Settlement Agreement between the parties, the party seeking enforcement shall be entitled to its reasonable attorneys' fees if that party demonstrates that there was a violation of the terms of this Order or the Settlement Agreement;

17. Medtronic Spine's complaint against Mr. Park and Cozmed is dismissed without prejudice; and

18. Each party shall bear its own costs and attorneys' fees.

SO ORDERED:

Date: _____

_____
U.S. District Court Judge

Dated:  March 17, 2008

Respectfully submitted by:


   /S/ Richard S. Hung                                /S/ John V. Mejia

| | |
|---|---|
| Michael A. Jacobs (CA SBN 111664) | John V. Mejia |
| mjacobs@mofo.com | jmejia@iplg.com |
| Grant L. Kim (CA SBN 114989) | Theresa J. Ngai |
| gkim@mofo.com | theresangai@iplg.com |
| Richard S.J. Hung (CA SBN 197425) | INTELLECTUAL PROPERTY LAW |
| rhung@mofo.com | GROUP |
| MORRISON & FOERSTER LLP | Old Bank of America Building |
| 425 Market Street | 12 South First Street, 12th Floor |
| San Francisco, California  94105-2482 | San Jose, CA 95113 |
| Telephone: (415) 268-7000 | Telephone:  (408) 286-8933 |
| Facsimile: (415) 268-7522 | Facsimile:  (408) 286-8932 |
| | |
| For Plaintiff KYPHON INC. and | For Defendants |
| MEDTRONIC SPINE LLC | PETER K. PARK & COZMED LLC |

STIPULATED CONSENT JUDGMENT & [PROPOSED] ORDER
C 07-3403-JF
sf-2484664

6

I attest that John V. Mejia has authorized me to electronically sign this document on his behalf.

Dated:  March 17, 2008        MORRISON & FOERSTER LLP


By: _____/S/_____
                Richard S. Hung

STIPULATED CONSENT JUDGMENT & [PROPOSED] ORDER
C 07-3403-JF
sf-2484664